**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

AVERY WILSON, )
)
    Plaintiff, )
)
    v. )          No. 4:21-CV-0682-DGK
)
CTW TRANSPORTATION SERVICES, INC., )
et al., )
)
    Defendants. )

## ORDER DENYING REQUEST TO STAY DEADLINES

This case arises from Plaintiff *pro se* Avery Wilson's allegations that Defendants violated

the provision of the Surface Transportation Assistance Act, 49 U.S.C. § 31105, that prohibits

employers from terminating drivers who complain about safety violations.  Compl. at 4, 6, ECF

No. 1.  Defendants deny Plaintiff's allegations and assert this lawsuit was brought essentially to

harass them after Plaintiff's bad-faith behavior in administrative proceedings concerning the

same allegations.  More specifically, Defendants allege

> Plaintiff fabricated and spoliated evidence [in the administrative
> hearing] to support his false claims; Plaintiff withheld production
> of his fabricated and spoliated evidence until after the close of
> discovery to make investigation of his bad faith activities more
> difficult; in response to the order of a Department of Labor
> Administrative Law Judge to turn over his mobile phone for
> forensic analysis, Plaintiff refused to do so; Plaintiff then fired his
> attorney 'for grounds of ineffectual counsel'; Plaintiff refused to
> participate in the creation of a Joint Pretrial Stipulation as ordered
> by the Administrative Law Judge; Plaintiff refused to prepare for
> trial on September 8, 2021; and Plaintiff vulgarly insulted the
> Administrative Law Judge in an effort to obtain a continuance of
> the scheduled trial before the Administrative Law Judge.

Answer ¶ 4, ECF No. 7.

Now before the Court is Plaintiff's "Motion for 'Push-Back' of all Deadlines Pending a Ruling on Defendants' Motion to Dismiss Under Rule 12(b)(1)." ECF No. 18. Plaintiff essentially requests a stay of all discovery deadlines until the Court rules on Defendants' motion to dismiss.

Defendants oppose the motion, arguing Plaintiff merely seeks to avoid responding to Defendants' discovery which is designed to gather evidence of Plaintiff's fabrication and spoliation of documents. Suggestions in Opp'n at 2, ECF No. 20.

The motion is DENIED because Plaintiff has not demonstrated good cause to grant the motion.

Finally, the Court reminds Plaintiff that when he filed this lawsuit using a prepared form from the Clerk's office, he certified under Federal Rule of Civil Procedure 11 that the lawsuit,

> (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Compl. at 7. Should the Court eventually conclude that Plaintiff violated Rule 11 (or some other rule or federal statute governing the conduct of litigants who appear before it), Plaintiff could be sanctioned. Sanctions for violating Rule 11 include paying a monetary penalty into court or having to repay some or all of Defendants' attorneys' fees.

**IT IS SO ORDERED.**

Date:   February 28, 2022          /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT

2