IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AVERY WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-0682-DGK |
| ) | |
| CTW TRANSPORTATION SERVICES, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This case arises from Plaintiff *pro se* Avery Wilson's allegations that Defendants violated a provision of the Surface Transportation Assistance Act, 49 U.S.C. § 31105, which prohibits employers from terminating drivers who complain about safety violations.

Now before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 9. Defendant argues that a necessary precondition for subject matter jurisdiction here is not satisfied, namely, that the Secretary of Labor must take longer than 210 days to issue a final decision after the employee files his complaint and the delay must not be "due to the bad faith of the employee." 49 U.S.C. § 31105(c). Finding the delay in issuing a final decision was caused by Plaintiff's clear bad faith during the administrative proceeding before the Department of Labor, the motion is GRANTED. This case is DISMISSED WITH PREJUDICE.

### Standard of Review

Under Rule 12(b)(1), a court must dismiss a complaint if it lacks subject-matter jurisdiction to hear a dispute. Fed. R. Civ. P. 12(b)(1); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In evaluating a 12(b)(1) motion, the court distinguishes "between a 'facial

attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted). "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (internal quotation omitted). "In a factual attack, the court considers matters outside the pleadings, and the nonmoving party does not have the benefit of 12(b)(6) safeguards." *Id.* (citations omitted). Here, Defendants brings a facial attack on jurisdiction.

**Background**

The record in the Department of Labor's administrative proceeding establishes the following.

Plaintiff filed a complaint with the Department of Labor for alleged violations of the Surface Transportation Assistance Act on October 7, 2020. On November 19, 2020, Defendants served their response. Included in the response were all written communications between Plaintiff and each of the Defendants, including all text messages.

Following a pretrial conference on February 23, 2021, the administrative law judge ("ALJ") hearing the dispute issued a scheduling order directing discovery close on May 25, 2021, and setting the trial for July 27, 2021.

On March 5, 2021, Plaintiff's attorneys produced to Defendants the documents they had received from their client thus far. These text messages mirrored those produced by Defendants on November 19, 2020.

Plaintiff subsequently testified at his deposition on March 30, 2021, that the compiled text messages did not include all of his communications with Defendants. He testified that he had previously given his attorneys all his relevant documents, including his text messages, but

the documents produced by his attorneys did not include them all. Naturally, defense counsel requested Plaintiff's counsel to immediately produce all relevant documents and declined to complete Plaintiff's deposition until after the documents had been produced.

In the following weeks, defense counsel followed up repeatedly with Plaintiff's counsel requesting production of the documents. On May 27, 2021—two days after the close of discovery—Plaintiff's counsel sent Defendants additional documents. Plaintiff's counsel wrote defense counsel in an accompanying email that Plaintiff had "produced [the documents] to us **this week**." May 27 email, ECF No. 9-17 (emphasis added). Some of the documents included screen shots of text messages allegedly sent between Plaintiff and Defendants. Due to the lack of date and time stamps on the purported text messages, and the fact that Defendants had never received these texts, Defendants believed Plaintiff had fabricated them to bolster his case.

The parties battled for the next two months over Defendants' request to have their electronic evidence expert examine Plaintiff's phone to determine the authenticity of the text messages. After continuing the trial setting in the hope the parties would settle or mediate the case, on July 28, 2021, the ALJ ordered Plaintiff to turn over his mobile phone to his attorney for a forensic analysis to be conducted by an attorney chosen by Plaintiff's counsel, and then to provide a report to defense counsel within thirty days.

Instead of producing the phone for a forensic examination, however, Plaintiff fired his attorneys on August 20, 2021, allegedly "for grounds of ineffectual counsel." Around the same time, Plaintiff's counsel moved to withdraw, citing a breakdown in the attorney-client relationship.

During a hearing on August 30, 2021, the ALJ granted the motion to withdraw and reset the trial for September 8, 2021. At that time, Plaintiff told the ALJ he was ready for trial

3

"Anytime." Defendants also indicated they would move for an adverse inference from Plaintiff's refusal to produce his phone for inspection.

The next day, Plaintiff announced he would seek to file suit in federal district court as a matter of right. But he did not actually file suit in federal district court, nor did he prepare for trial before the ALJ. Plaintiff subsequently refused to comply with any of his pretrial obligations, such as drafting a joint pretrial statement as the ALJ ordered.

Plaintiff also began engaging in increasingly offensive behavior. For example, when the ALJ's assistant reiterated to Plaintiff in an email that the ALJ would not vacate the trial setting unless a formal motion were filed, and that "[a]ny willful failure to appear by any party" would result in dismissal or a default judgment, Plaintiff responded as follows:

> Deliver to Judge Calianos prior to tomorrow's proceedings.
>
> Re: 2031-STA-00016
>
> Judge Calianos:
>
> Firstly, I would like to say that my being polite, professional and courteous has gotten me no where [sic].
>
> That being said I would like to open by saying that I did not serve this Country so a complete fucking imbecile of a 'Judge' could shit all over the law and all over process. You probably couldn't get a firm to take you so obviously you blew someone to get a phony judgeship on a phony quasi court.
>
> ***
>
> This is my motion to vacate trial setting. I fucking told you that this case will be prosecuted in US District Court.
>
> I cannot participate in a trial so completely fucked up by my previous counsel. Then you fucking knee cap me and close discovery. I agreed to trial on the proviso that Second Request for

4

> Production would be produced by Respondent. You're an absolute fucking disgrace. I guess one couldn't get expect anymore from a "Judge" at thr [sic] DoL.
>
> I will be on the line in the morning so state my objections on the record.
>
> I want this letter on the docket.
>
> Avery Wilson
> Complainant

Email chain, ECF No. 9-41.

On September 8, 2021, the parties appeared on the trial date for what became a hearing. Despite Plaintiff's assertion that he would be filing suit in federal district court, Plaintiff had not done so.

The ALJ opened the hearing by noting that although Plaintiff was aggrieved by the administrative law process, there was a way for him to remove himself from it, including filing suit in federal district court, and he had not done so. Hr'g. Tr. at 6-7, ECF No. 9-43. The ALJ then found Plaintiff had engaged "in bad faith and for no other reason than to delay this proceeding." *Id*. at 7. The ALJ noted the case was originally set for trial on July 27, 2021, but the trial was continued, and the process had become bogged down because of the dispute over Plaintiff's phone and text messages. The ALJ observed that once he got the trial process moving again Plaintiff "want[ed] to get out of this process." *Id*. at 8. He concluded, "I don't think it's in good faith. I think you want to delay the process." *Id*.

At the close of the hearing, the ALJ gave Plaintiff until September 23, 2021, to file suit in federal district court. Plaintiff filed the pending lawsuit in this Court on September 22, 2021.

## Analysis

The statute giving this Court subject matter jurisdiction to hear this dispute provides in relevant part that,

> if the Secretary of Labor has not issued a final decision [on Plaintiff's administrative complaint] within 210 days after the filing of the complaint *and if the delay is not due to the bad faith of the employee*, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy . . .

49 U.S.C. § 31105(c) (emphasis added).

Defendants argue this lawsuit was brought essentially to harass them after Plaintiff's bad-faith behavior in administrative proceedings concerning the same allegations imploded. Defendants argue Plaintiff fabricated evidence in the administrative hearing to bolster his claims; withheld production of the fabricated evidence and his phone to make investigation more difficult; refusal to comply with the ALJ's discovery orders; firing his attorneys; refused to engage in pretrial proceedings or prepare for trial to delay the administrative proceedings; and then repeatedly insulted the ALJ to obtain a continuance of the scheduled trial.

Plaintiff responds that Defendants were responsible for any delay, and he makes a conclusory allegation that the Court has subject matter jurisdiction and denying any bad faith. He does not address the spoliation allegations or his behavior in the administrative proceedings.

The Court agrees with Defendants and finds Plaintiff engaged in bad faith delay in the administrative proceeding before the Department of Labor by committing serious violations of the rules of discovery, refusing to comply with basic requirements to prepare the case for trial before the ALJ, and heaping personal insults on the ALJ in an attempt to postpone the proceedings. Consequently, the Court lacks subject matter jurisdiction to hear this dispute.

Defendants' motion is GRANTED.  This case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Date:   September 19, 2022                          /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT